UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN KRALKA<br><br>    Plaintiff,<br><br>    v.<br><br>CITY COLLEGES OF CHICAGO<br><br>    Defendant. | No. 13 CV 1072<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This is a Title VII employment discrimination claim. Plaintiff alleges that Defendant terminated her employment as an ESL Instructor based on her Ukranian nationality. Before the Court is Plaintiff's motion for appointment of counsel. I am denying the motion. For one thing, Plaintiff has failed to file a financial affidavit in accordance with Local Rule 83.36. As such, I cannot determine whether or not Plaintiff is entitled to appointment of counsel under 28 U.S.C. § 1915(e)(1). Assuming she truly cannot afford counsel, I still deny the motion.

I am satisfied that Plaintiff has made reasonable efforts to retain counsel and was unsuccessful. (*See* Dkt No. 3); *Jackson v. County of McLean*. 953 F.3d 1070, 1072 (7th Cir. 1992). I next examine whether, given the difficulty of the case, Plaintiff appears to be competent to try it herself. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). This case is fairly straightforward. There is one Defendant and one claim. Plaintiff alleges she was terminated because of her Ukranian nationality. However, she does not have direct evidence of discrimination, and acknowledges that there is basis in fact for Defendant's legitimate, non-discriminatory explanation for her termination—that she was late for several classes when the

City College's Office of Inspector General conducted an investigation into allegations of her repeat tardiness. Plaintiff is going to have to show that this explanation was pretextual, meaning that it was a lie—"it is not the court's concern that an employer may be wrong about its employee's performance, or may be too hard on its employee." *Ineichen v. Ameritech*, 410 F.3d 956, 961 (7th Cir. 2005). To do this, Plaintiff will most likely have to demonstrate that non-Ukranian employees with similar punctuality problems (or conduct of "comparable seriousness," *see Coleman v. Donahoe*, 667 F.3d 835, 851 (7th Cir. 2012)) were treated differently than her (or offer other evidence that Defendant acted for reasons other than its stated reason).[1]

      I am confident in Plaintiff's ability to do this without the assistance of counsel. Plaintiff is college educated. She speaks English fluently. Based on my observations of her in court, she is intelligent and capable of expressing herself clearly. All of these factors lead me to believe that she is capable of gathering the necessary evidence to make her case (identifying similarly situated employees, deposing CCC officials to probe for evidence of pretext) and constructing arguments on her own. If this case should take a turn down the road and I determine that things have become more complicated, I will revisit the motion.

                                              ENTER:

                                              James B. Zagel
                                              United States District Judge

DATE: August 20, 2013

---

[1] Plaintiff could theoretically do this using either the direct or indirect method of proof. Because she admits that she was repeatedly late to class in July 2012, however, it will be difficult, if not impossible, to establish that she was meeting her employer's legitimate expectations. Plaintiff's best chance of success, therefore, is probably to proceed under the direct method of proof using the "convincing mosaic" approach. *See Coleman*, 667 F.3d at 860-62.